## BEENE'S HEIRS *vs*. RANDALL'S HEIRS.

1. A married woman cannot dispose of her interest in real estate, except in the manner prescribed by the statute. (Clay's Digest 155 § 27.)

2. An answer directly responsive to the bill must prevail against the testimony of one witness, however full, clear and explicit, unless supported by corroborating circumstances which, when disconnected from the evidence of the witness, would tend to establish those charges which are denied by the answer, and would, of themselves, be evidence for that purpose.

ERROR to the Chancery Court of Dallas.

Heard before the Hon. JAMES B. CLARKE.

THE bill in this case was filed by the plaintiffs in error, who are the heirs at law and personal representatives of Jesse Beene, deceased, against the heirs at law of Willis Randall. It charges that said Randall, in his life-time, was seized of a certain tract of land; that his heirs at law are Caroline Jones, the wife of William E. Jones, Emeline Holt, the wife of Robert A. Holt, and Edward W. Randall; that in 1829 said Jesse Beene purchased said tract of land from Edmond Randall, the guardian of said Emeline and Edward W., and from said Jones, the husband and guardian of said Caroline, and received from them a bond, conditioned that they should convey to him the title of said heirs, when they became of age; that said Beene took possession of said land, paid the consideration in full, and continued in possession under said contract of sale for fourteen years; that said William E. Jones, for himself and wife, after she became of full age, and with her approbation, received her portion of the purchase money; that said Holt and wife, in like manner, received their portion, and settled in full for the same with the guardian of said Emeline; and that said Edward W. Randall also received his share; that said parties all well knew, at the time they received satisfaction, of the circumstances under which the sale to Beene was made, and of the existence of said bond for titles; that they all ratified and adopted said sale after they became of full age; that they nevertheless refused to make title to said Beene in his life-time, and to his heirs at law since his death; and that they have commenced suit to recover the land.

The prayer of the bill is, that the legal title to said land be divested out of Randall's heirs, and vested in Beene's heirs ; or, if this cannot be done, that the land be sold, and the purchase money paid by Beene refunded, and that the suit at law be perpetually enjoined.

Publication was made as to Jones and wife, who were non-residents, and a decree *pro confesso* was afterwards taken against them. Holt and wife answered, denying that they ever authorized or ratified said contract, and that said guardian ever paid any money to them, or to their use, with their knowledge and consent, and setting up other matters, which it is unnecessary to state, as they do not enter into the opinion of the court.— Their answer concludes with a demurrer to the bill. Edward W. Randall also answered, denying that he ever ratified or confirmed the sale, and that he ever received any portion of the purchase money.

The testimony of one witness was taken by the complainants, of whose evidence the material portions are stated in the opinion of the court.

On the hearing, the Chancellor dismissed the bill without prejudice as to Jones and wife, and as to the complainants' right to set up, as a defence against any bill which the defendants or either of them might file to recover the mesne profits which had accrued during the life of said Jesse Beene, the purchase money paid by him for said land, so far as they could prove its receipt by them ; and directed the costs to be paid out of the estate of Jesse Beene.

The decree of the Chancellor is now assigned for error.

J. P. SAFFOLD, for plaintiffs in error.

J. W. LAPSLEY, *contra*.

GOLDTHWAITE, J.—There was no error in the decree of the Chancellor, so far as Holt and wife and Jones and wife are concerned, for the reason that the assent of neither Mrs. Holt nor Mrs. Jones to the sale was established. The land was theirs, and not their husbands' ; and it is the policy of the law, that the wife is not to part with her real estate, but by her own consent, freely and voluntarily given.—Clay's Digest 155 § 27. It is said, however, that in this case the assent of the wife is to

be presumed; but, if it had been expressly proved, we do not think that would have been enough, for it is the improper influence of the husband, which it is the object of the law to guard against, and unless the evidence went farther, and proved her free assent, a court of chancery would not divest her title.— Even then it might not be enough, without her separate examination in the mode prescribed by the statute. But, independently of this ground, we do not see how the wife's assent can bind her, except upon the principle that she adopts the sale and makes it her own; but, if the law be that the agreement of a married woman is void, how can her assent to the contract vary the case, unless indeed her contract is made and acknowledged as the statute requires?

These reasons, however, do not apply to the other defendant, E. W. Randall; but as he denies that he ever authorized or assented to the sale, or ever received any portion of the purchase money, and as these denials are directly responsive to the bill, it is necessary, under the well established rule of evidence applicable to courts of chancery, that they should be outweighed by the testimony, that is, at least by one witness and corroborating circumstances. If we were at liberty to act upon the testimony of a single witness, we have it before us, full, clear and explicit, and in direct contradiction to the denials of this defendant; but we cannot disregard the rule; and the only question on this branch of the case is, whether the evidence of this witness is sustained by corroborating circumstances. As we have said, the witness proves clearly the assent of this defendant to the sale after he became of full age, and his receipt of his portion of the purchase money from his guardian, Edmond Randall, by whom the sale was originally made; and to his answers is attached a copy of the account of such guardian, in which he charges himself with the amount of $133 33, on account of lands sold in Alabama, a copy of the receipt given by the defendant, Randall, in which he acknowledges that he has received from Edmond Randall the whole estate which he held as his guardian, and also a bond of indemnity executed by him to the same person, to save him harmless from delivering the property to the defendant before he was of age. It is urged, that these exhibits take the case out of the rule, but we do not think so. When the law speaks of corroborating circumstan-

ces, which with a single witness may outweigh an answer, it means circumstances which, disconnected from the evidence of the witness, would tend to establish the charges made by the bill, which are denied by the answer. And if these circumstances would not, of themselves, be evidence for that purpose, or would be entitled to no weight in sustaining the bill, the answer must prevail. Applying this test to the present case, and taking the evidence of the witness to be true, without reference to the exhibits referred to, it is clear that they add nothing whatever to his testimony; and it is equally clear that, of themselves, they would not even tend to support the charges in the bill, which are denied. The account does not purport to have been made out by E. W. Randall, or to be signed by him. On the contrary, it was the account of the guardian, made out by himself. As independent testimony, it not only proves nothing against the defendant, but had it been offered as such, exceptions to it might well have been sustained. The receipt, or acknowledgment, that this party had received from Edmond Randall his whole estate, which the latter held as his guardian, places the complainant in no better condition; as the guardian has no power over the real estate of the ward, except so far as the rents and profits are concerned, (Genet v. Tallmadge, 1 John. Ch. 561,) and for that reason the receipt could not be held to include the amount of the purchase money of lands sold by the guardian. The bond of indemnity proves nothing whatever.

The views we have taken upon the merits render it unnecessary to consider the action of the court upon the demurrer, and are decisive upon the question arising on the prayer of the bill, that, in the event the titles of the heirs of Willis Randall cannot be decreed to the complainants, then the lands be sold and the purchase money refunded, as it is evident no decree can be rendered which, so far as Mrs. Jones and Mrs. Holt are concerned, might operate to divest them of their title ; and as to the other defendant, their is a failure of proof.

The decree of the Chacellor must, therefore, be affirmed, the plaintiffs in error paying the costs of this court.