## EASTERWOOD vs. LINTON.

[BILL IN EQUITY BY PURCHASER, FOR REFORMATION OF TITLE-BOND, ABATE-MENT OF PURCHASE-MONEY, AND INJUNCTION OF ACTION AT LAW.]

1. *Weight of responsive answer.*—A sworn answer, denying a material allegation of the bill, throws on the complainant the *onus* of sustaining his averment by the testimony of two witnesses, or of one witness with corroborating circumstances.

2. *Reformation of title-bond; variance between allegations and proof.*—Under a purchaser's bill, seeking a reformation of his vendor's title-bond, by the insertion therein of a parcel of land, which, he alleges, was a part of the tract purchased by him, and was omitted from the bond by the fraud or mistake of his vendor,—if the evidence shows that said parcel was omitted by mistake, and that another parcel, not constituting a part of the tract sold, was inserted in the bond by mistake in lieu of the omitted parcel, the complainant cannot have a decree.

3. *Same.*—So, where the bill alleges, that the vendor had no title to one parcel of land included in the title-bond; and the evidence shows that said parcel formed no part of the tract sold, but was inserted by mistake in lieu of another parcel, to which the vendor had title,—the complainant cannot have a decree.

APPEAL from the Chancery Court of Pickens.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by David Easterwood, against Samuel D. Linton and William A. Linton, for the purpose of reforming a title-bond for lands purchased by the complainant from the defendants, obtaining an abatement of the purchase-money, and enjoining an action at law on the notes given for the purchase-money. The defendants answered, and also filed a cross bill. On final

hearing, on pleadings and proof, the chancellor held, that the complainant was entitled to no relief under his bill; but he decreed a reformation of the title-bond under the cross bill, at the costs of the complainant; and this decree is now assigned as error.

T. REAVIS, for appellant.

A. B. CLITHERALL, contra.

A. J. WALKER, C. J.—The bill alleges, that the west half of the south-west quarter of section twenty-two, the south-east quarter of the north-east quarter of section twenty-eight, and the north-east quarter of the north-east quarter of section twenty-eight, (in township nineteen, range fifteen,) were bought by the complainant, and, through fraud or mistake on the part of the defendants, omitted from the bond for titles which they gave him. The answers deny that two of those pieces—the west half of the south-west quarter of section twenty-two, and the north-east quarter of the north-east quarter of section twenty-eight—were sold to the complainant, or pointed out to him as a part of the land sold. There being no waiver of a sworn answer, it was incumbent upon the complainant to overcome this denial by the testimony of two witnesses, or of one witness with corroborating circumstances. After a careful scrutiny of the testimony, we agree with the chancellor, that it does not, under that rule, successfully controvert the denial of the defendants.

[2.] The answers admit that the other piece of land—the south-east quarter of the north-east quarter of section twenty-eight—was pointed out as a part of the land sold, and was omitted from the bond by mistake. The defendants deny fraud; assert their readiness, willingness and ability to make title to the omitted parcel of land; allege that, by mistake, another parcel was inserted in the bond in lieu of the omitted parcel; and claim that the land improperly inserted should be stricken out, and that the land omitted by mistake should be inserted. The allegations of the answer, in reference to this matter, are sustained by the evidence. The complainant is not enti-

Easterwood v. Linton.

tled, under his bill, to a reformation of the bond by the insertion of the parcel of land omitted by mistake; for that omission is only a part of the mistake, which consists also of an erroneous insertion. The court cannot correct the entire mistake, by striking out the land inserted by mistake, as well as inserting that omitted by mistake, without granting relief in the absence of appropriate allegations. It would be palpably unjust to the defendants to reform the bond by supplying the omission, without also striking out that which was inserted by mistake.

[3.] The complainant alleges, also, that the defendants had no title to the north-east quarter of the south-west quarter of section twenty-one, the west half of the north-east quarter of section twenty-seven, and the north-west quarter of the south-east quarter of section twenty-seven, which are mentioned in the title-bond. The defendants admit that they had no title to one of these parcels—the north-east quarter of the south-west quarter of section twenty-one—but aver that it was inserted in the bond by mistake, in lieu of the north-west quarter of the south-west quarter of the same section; and that the parcel included in the bond is almost worthless, while that to which they had title, and which they actually sold, is very valuable; and that they are ready and willing to make title to it. These averments of the answer are fully sustained by the proof; and being sustained, the only relief that could be claimed in reference to the mistake committed, would be a reformation of the bond, by inserting the omitted, in lieu of the included parcel,—to which relief the complainant is not entitled under his bill.

As to the two other parcels of land—the west half of the north-east quarter of section twenty-seven, and the north-west quarter of the south-east quarter of section twenty-seven—which the complainant alleges were included in the bond, and to which he says the defendants had no title, it is sufficient to say, that they are not embraced in the bond, and were not sold to the complainant. They are not mentioned in the bond, and evidently had nothing to do with the sale.

Another ground for relief alleged in the complainant's bill is, that a certain water-mill upon the premises sold was a material inducement to the purchase; that the defendants, prior to the sale, had given to one Jemison, who had a mill below on the creek, permission to back up the water, so as to impair the value of the mill on the lands sold to the complainant; and that the fact of such permission having been given was fraudulently concealed from the complainant. The defendants deny that they gave such permission, and there is no proof opposed to their denial.

The defendants deny all charges of fraud, and the proof fails to sustain the imputations of the complainant's bill in that particular.

From what we have said it results, that the chancellor did not err in holding that the complainant was not entitled to any relief under the original bill.

The only objection made in the argument of the appellant's counsel to the decree ef the chancellor under the cross bill, is that the cross bill was repugnant, in one particular, to the answers to the original bill. This objection is not well taken in point of fact. The repugnancy mentioned in the argument does not exist. We perceive no error in the proceedings of the court below under the cross bill; and as it is not contended that error supervened in those proceedings in any other matter than that already noticed, we do not deem it proper or necessary to say more in reference to the decree under the cross bill.

Decree affirmed.