PETER BERRY, ADMINISTRATOR, AND OTHERS V. S. P. DONLEY
AND OTHERS.

A deed signed by a married woman subsequent to the passage of the Act of
February 3d, 1841, (O. & W. Dig., p. 696,) regulating the conveyances of
property by married women, but the execution whereof was not acknow-
ledged to have been made by her privily and apart from her husband as
required by said statute, passes neither a legal nor an equitable title.

The signature of a married woman to a deed for her property without the
private examination required by the statute is a nullity. It is the exam-
ination, not the signature, which gives validity to a deed.

The fact, that the consideration for the land embraced in a deed so signed
but not acknowledged as prescribed by the statute, was paid, does not
strengthen the title of the purchaser; nor does such a deed constitute
either title or color of title, which will protect a party setting up the same
in a plea of three years limitation; nor does the registration of such a
deed charge a subsequent purchaser with notice; nor does such a deed en-
title a party claiming under it to a judgment for his purchase money
against a subsequent purchaser as a condition precedent of a recovery of
the land embraced in it.

If it be admitted that a purchaser under such a deed knew that the land
included in it was the separate property of a married woman, the law
charges him with the knowledge that the conveyance from the married
woman was invalid unless her acknowledgement was taken as prescribed
by the statute; and if such a purchaser is deceived or mistaken as to his
title, it is through his own folly and neglect, and he cannot set up in de-
fence to a suit brought by a subsequent purchaser his failure or neglect to
have such a deed properly acknowledged.

If improvements made in good faith by a party claiming land under such a
deed be recovered of him by a subsequent purchaser, such compensation
should be allowed him as he is entitled to, if any, under the statute for
the protection of settlers in good faith.

It cannot be questioned that the District Court is authorized to submit spe-
cial issues to a jury, if it be deemed necessary for a proper disposition of
the case.

If a charge given by the court below to the jury be thought by the plaintiff
or defendant to be not sufficiently full or as not covering all the issues in
the case, it is his duty to ask such additional instructions as he believes
are necessary for its proper determination in the court below; having
failed to do this, he cannot complain in the appellate court.

ERROR from Cherokee. Tried below before Hon. Charles A.
Frazer.

Berry v. Donley.

Stockton P. Donley and James M. Anderson, defendants in error, brought suit in the District Court of Cherokee county on the 4th day of February, 1857, alleging that they were the legal and rightful owners of an undivided interest in and to six hundred and forty acres of land to be selected by them out of the north half of a certain half league of land situated in the county of Cherokee, which league of land is known and designated upon the plot and map of said county as the Zaccheus Gibbs league; that the six hundred and forty acres of land are to be selected out of any portion of said north half so as not to include any of the tract of land heretofore known as the home place of Burtis Allen and Phebe Allen, and now known and particularly described by two surveys known as the Petty survey and the Jesse Jones survey; the field notes of the same are filed and made a part of the petition; that the Petty survey contains three hundred and thirty-five acres; that the Jesse T. Jones survey contains one hundred and sixty-seven acres, making the whole of said homestead amount to five hundred and two acres. That their title is derived as follows: that on the 2d of February, 1835, a deed of concession for said league of land was issued by George Antonio Nixon, Commissioner of David G. Burnett's colony to one Zaccheus Gibbs; that Gibbs died in 1837, leaving Phebe Allen, his only child and sole heir; that long after the closing of the administration upon the estate of said Gibbs, to wit, on the 26th April, 1852, Phebe Allen and her husband, Burtis Allen, for and in consideration of $640, paid by petitioners and William B. Ochiltree and Thomas J. Jennings, sold and conveyed said undivided interest of land to petitioners and said Ochiltree and Jennings; which deed bears date the 26th April, aforesaid, and was legally acknowledged by said Burtis and Phebe Allen before a notary public of said county, filed in the office of the clerk of said county for record on the 28th June, 1852, and recorded on the 16th July of the same year; that said Ochiltree and the said Jennings, on the 3d day of June, 1856, by deed of that date, sold and conveyed their interest to petitioners, which deed was duly recorded on the books of the records of said county on the 7th of June, 1856. Petitioners further averred that by virtue of the aforesaid deed from Burtis and Phebe Allen,

the 640 acres aforesaid were to be selected by said Ochiltree, Jennings and petitioners, and that petitioners by virtue of deed from Ochiltree and Jennings now have the right of making said selection. They further aver that said Burtis and Phebe Allen have an interest in said north half of said league of land and are made parties to the suit; and also that Edward H. Coleman, Richard Coleman Nicholson, John A. Box and Peter Berry set up pretended titles to said half league of land, and deny the title of petitioners and their right to make said selection, and refuse absolutely to permit them to select the same; that said pretended titles are a cloud upon the title of petitioners. Prayer that defendants be compelled to exhibit their pretended titles; that on final hearing petitioners be permitted as against defendants to make their selection of said six hundred and forty acres; that title of petitioners be decreed perfect; that title of defendants be declared null and void as against petitioners.

Judgment by default against Burtis and Phebe Allen. There is no statement of facts in the record. The pleadings show that all the defendants claim to derive title from Phebe Allen. Some of them by virtue of deeds made by constables to satisfy judgments rendered against Burtis and Phebe Allen. Exceptions were made to the answers setting up these deeds made by constables, and sustained. Other of the defendants claimed under deeds signed by Burtis and Phebe Allen, witnessed and sworn to by one of the witnesses, and recorded in the proper office of Cherokee county. The answers, setting up these deeds thus signed by Burtis and Phebe Allen, were excepted to upon the ground that they had not been made and acknowledged as required by law to be done to pass the title of a married woman to real estate. Exceptions sustained. These answers admitted that these deeds had not been acknowledged in the manner prescribed by law, but alleged that they had been signed and delivered by Phebe Allen freely and voluntarily, and that the proceeds of the sale were necessary for the support of herself and family. The defendants charged that plaintiffs had actual and constructive notice of these titles before they obtained the deed under which they claimed. They admitted that Phebe Allen was and had been a married woman at and before and since the

date of their deeds. They admitted that the land in controversy was the separate property of Phebe Allen at the time of their alleged purchases. They alleged that the plaintiffs had not made their selection within a reasonable time, as more than four years had elapsed since the execution of the deed under which they claimed; they pleaded the three years limitations, and improvements in good faith. They further alleged that Phebe Allen was wholly insolvent, and prayed that, if their lands be taken from them, and if the petitioners be subrogated to the rights of Phebe Allen, then the petitioners should be required to refund the purchase money which they had paid to Phebe Allen.

Pending the suit, Jesse Duren filed a plea of intervention, setting up a claim to the remainder of the half league, after deducting the six hundred and forty acres claimed by petitioners, under a deed made by Burtis and Phebe Allen, subsequent to the institution of and pending the suit.

Special issues were submitted to the jury, and judgment was rendered in favor of petitioners and intervenor.

*M. H. Bonner*, for Peter Berry, administrator of R. C. Nicholson, defendant in error. Petitioners and intervenor had constructive notice of the title of the intestate of Berry, for the following reasons: 1st. Because of the recitals in the deeds under which his intestate claims. (Hardy v. DeLeon, 5 Tex. R., 244; Box v. Lawrence, 14 Tex. R., 556; Sugden on Vendors, vol. 2, p. 333, 329; Parks v. Willard, 1 Tex. R., 350; Briscoe v. Bronaugh, Idem., 326.) 2d. Because of the actual, adverse, open and notorious possession by his intestate, of the land in controversy at the date of the deed under which petitioners claim. (4 Kent., 179; 1 Smedes and Marshall R., 64; 12 Alabama R., 734; 10 Howard, U. S. R., 348; 1 Freeman's Chancery R., (Miss.) 85; 1 Smedes and Marshall's Miss. Ch. R., 338; Chesterman v. Gardner, 5 Johns. Ch. R., 32; Governeur v. Lynch, 2 Paige Ch. R., 300; 6 Wend. R., 213, 226; 2 Mass. R., 508; 3 Pick. R., 149.) Because of the registration of the deed under which intestate held possession. (Parks v. Willard, 1 Tex., R., 350.) 3d. As to the intervenor especially, because of the pendency of the suit at the

time of his purchase. (Sugden on Vendors, vol. 3, p. 333; Hardy v. DeLeon, 5 Tex. R., 244; 4 Phil. Ev., p. 458, and note 25.)

In support of the plea of the statute of limitations, he cited Thompson v. Thompson, 12 Tex. R., 327; 13 Howard R., 472; Jones v. Menard, 1 Tex. R., 779. The deed under which intestate held possession, was color of title. Before the petitioners should be allowed to recover, they should refund the purchase money paid by intestate's vendors to Phebe Allen. (Cummings v. Powell, 8 Tex. R., 80; Love v. Barbour. 17 Tex. R., 312.) Under the laws in force prior to 1840, a verbal sale to a wife with the consent of the husband was valid. (20 Tex. R., 348.) No separate acknowledgment nor privy examination was necessary. (Cartwright v. Hollis, 5 Tex. R., 152; Hollis and wife v. Francois and Border, Idem. 200; Blanchet v. Dugat, Idem., 507; Smith v. Smith, 1 Tex. R., 621; Womack v. Womack, 8 Tex., 397.)

*Donley & Anderson*, for defendants in error. The whole case, notwithstanding the voluminous pleadings of the defendants, presents but two points. 1st. Were defendants protected under the statute of limitation? 2d. Was Mrs. Allen or those purchasing from her, precluded by the character of title set up by defendants?

With reference to the plea of the statute of limitation, we submit that limitation did not commence running as against Mrs. Allen, she being a married woman, and did not commence running in favor of defendants against Donley & Anderson until Mrs. Allen conveyed to them. She sold to them on the 26th day of April, 1852; the suit was instituted February 4th, 1857; four years, nine months and eight days after the deed. If defendants were protected by the statute of limitation, it was only the provision with reference to the three years possession. This we submit would not be a bar to the plaintiff's right of recovery. Article 2391, Hart. Digest, p. 729, provides, that every suit to be instituted to recover real estate, * * * * shall be instituted within three years after the cause of action shall have accrued."

"By the term title, as used in this section, is meant a regular

chain of transfer from or under the sovereignty of the soil; and color of title is constituted by a consecutive chain of such transfer down to him, her or them in possession, without being regular, as if one or more of the memorials or muniments be not registered, or not duly registered, or be only in writing, or such like defect as may not extend to or include the want of intrinsic fairness and honesty." We submit that, in order to constitute a muniment of title, a conveyance or deed by a married woman would have to be privily acknowledged, in accordance with the provisions of the act of 30th of April, 1846; (Hart. Dig., p. 131, art. 174;) and that an instrument of conveyance signed by a *feme covert*, and not so acknowledged, would be in and of itself a nullity, and would possess "such a *defect* upon its face as would extend to and include the *want* of intrinsic fairness and honesty." Because the separate acknowledgment before a proper officer, is the only means the law provides for making an instrument purporting to be made by a married woman intrinsically fair and honest.

To constitute an instrument intrinsically fair and honest, it must be so in and of itself, requiring no extraneous proof to make it valid. It must be such as upon its face either conveys absolute title, or if it be in writing only, must be such as, although it be not under seal, would without extrinsic evidence to support it, enable a party to enforce a conveyance. A conveyance of a married woman without a privy acknowledgment, would in all cases require extrinsic proof to support it. (Womack v. Womack, 398, 8 Tex.)

Then upon the second question as to whether Mrs. Allen was precluded, by the character of purchase found by the jury, from asserting her claim to the land, either by suit herself, or by the sale of the property to another? Or did the facts found by the jury, authorize a court of equity to decree title to the defendants, and affirm the sale made by the *feme covert*, Mrs. Allen. To determine this, we must look alone to the finding of the jury, which was *a finding as favorable to defendants, we suppose, as the facts could* have warranted; and the presumption necessarily arises from the fact, that the defendants below were unwilling to elucidate the finding of the jury by giving a statement of facts.

While we are willing to admit that equity will in some cases confirm the sale of a married woman, made without a privy examination, yet the finding of the jury in this cause is not sufficient to present such a case; and before we proceed to examine the defects in the finding, we submit, that if the finding is not full enough to maintain the rights of defendants, that it is not the fault of plaintiffs; all that plaintiffs had to do, was to prove their purchase as alleged; this the jury find. If then this simple issue had been submitted to the jury, alone, it was not the province of appellees to inquire further. If the defendants desired issues submitted to sustain their defence, it devolved on them to ask of the court to submit such issues, or to have asked charges which would have had the same effect. This they have not done, and they cannot complain of it now for the first time. In Farquhar v. Dallas, 20 Tex., p. 200, this court says, "the charge of the court was correct so far as it went, and if it did not cover the whole of the ground that it might have occupied, it was the duty of the parties to have asked an additional charge, if they had wished it." The same principle would apply to this case. Then we submit, that the verdict of the jury establishes no such purchase as would enable these defendants to hold Mrs. Allen bound by the sale to defendants. The jury find simply the fact, that the parties paid certain sums for the respective tracts claimed by them, and that they were sold to support Phœbe Allen and her family. This we submit was not a sufficient finding to charge Mrs. Allen's separate estate. It is wanting in the requisites required and fully set forth in Womack v. Womack, 8 Tex., p. 398, in the following particulars : The jury do not find that the husband Burtis Allen, at the time of the sale, had no separate property, or that there was no community property, out of which the family could be supported. Without this finding by the jury, there cannot be such a charge under our system as would cause a court of equity to compel a conveyance, and therefore not sufficient for a defence. Without this finding, the court cannot determine the charge to be necessary and proper, because our statute regulating marital rights, makes the property of married women liable for necessaries only when

the husband has no separate property, or when there is no community property. (Hart. Digest, articles 2423, 2424.)

The finding is defective too, in not finding that the wife and family could not have been supported out of the rents and profits of the land, which must in cases of married women, be first resorted to in accordance with the principles laid down in Milburn v. Walker, 11 Tex., p. 329. The finding is again defective in not showing that a full and fair consideration was paid. It does not find that it was done freely and willingly without the coercion of the husband; it does not show that she wished not to retract. And we submit, all these things are necessary to sustain a conveyance by a married woman not privily acknowledged, because they are the requisitions of the laws of Texas, by virtue of which laws the party, Mrs. Allen, is authorized to hold separate property, and would again refer to Womack v. Womack, 8 Tex., p. 416. But it may be insisted, that there was nothing in the charge of the court to require a finding on these points; we again repeat, that it was the fault of defendants in not asking the charges.

It is again insisted, that defendants should have recovered the original purchase money paid. In reply, we would first submit, that even if Mrs. Allen were suing, it would devolve upon defendants, before they could recover the purchase money from her, to show that they had not received a sufficient use of the property to reimburse them. Taking off the interest calculated on the purchase money, we discover that the rents far exceeded the improvements and the purchase money. That the only obligation under which a married woman could be placed, would be like that of an infant, to place the parties in *statu quo*. If the use of the land has done this, the parties cannot complain. In no instance of a return of money, that we can find by a married woman or infant, have they been compelled to return anything but the original sum. There can arise no implied contract to pay interest. The parties would not be entitled to pay for improvements because they have not shown such fair dealing with Mrs. Allen, as would make them possessors in good faith.

*T. J. Word,* for Jesse Duren, defendant in error.

Berry v. Donley.

Moore, J.   The main questions in this case arise upon the ruling of the court below sustaining the plaintiffs' exceptions, and striking out so much of the answer of the defendants below as alleged constructive notice of their title by the plaintiffs and intervenor, by reason of their possession of the land claimed by them, or from the reference to the title under which they claimed in other deeds duly executed by Mrs. Allen, and properly recorded previous to her sales to the plaintiffs and intervenors; and also to so much of said answers as set up and rely upon the statute of limitations of three and five years.   That part of the answer to which the exceptions were sustained showed, at least *prima facie*, that the defendants claimed under conveyances from Mrs. Allen made subsequently to. the passage of the Act of 1841, regulating the conveyance of property by married women, the execution of which was not acknowledged by her privily and apart from her husband, as required by said statute.   The court below, therefore, no doubt regarded, and as we think very properly, these conveyances as of themselves ineffectual to pass to the parties claiming under them either a legal or equitable title to the land.   To hold otherwise would be virtually to repeal the statute.   Although the statute does not in express terms say that a married woman may not convey her property in any other manner than it prescribes, yet, as by the common law she could only convey title to her real estate by fine and common recovery, and by it her deed is absolutely void, we think it cannot be questioned that it must be held so here, unless the law prescribing the manner in which her deed may be executed has been substantially followed.   In Perry v. Calhoun's Lessee, 8 Humph., 556, Judge Turley, delivering the opinion of the court, says: "A *feme covert* cannot convey a title to her lands except by a deed *executed upon her private examination, made as the law directs;* her signature to a deed without such private examination is a nullity; her deeds of all kinds are void without such examination; it is the examination which gives them validity, and not the signature—the signature being a nullity without such examination.   It then necessarily follows, that there is no divestiture of title till such examination be had," &c.   This seems to be the general, if not universal construction placed upon similar

statutes to ours by the American courts. (See Scott v. Buchanan, 11 Humph., 472; Lane v. Dolick, 6 McL., 200; Whitaker v. Blair, 3 J. J. Marsh., 242; Thompson v. Phelps, 6 Dana, 390; Simpson v. Fauntleroy, 8 B. Mon., 178; Matthews v. Puffur, 19 N. H., 348; Worthington v. Young, 6 Ham., Ohio, 314; Jourdan v. Jourdan, 9 S. & R., 268; Lewis v. Walters, 3 H. & McH., 430; 2 Murph., 390; 1 Taz., 139; James v. Fisk, 9 S. & M., 144; Beene v. Randall, 23 Ala., 514; 15 Maine, 304; 5 Day., 492; Knowles v. McCauley, 10 Paige, 342.)

It is not questioned that a married woman may, by her fraudulent acts or representations, by which other parties have been misled, or upon which they have acted, in some cases, be estopped from claiming title, or from the recovery of her separate property. Where a party has been induced to purchase upon the fraudulent admissions or representations that the property belongs to her husband, she will not be permitted to recover it. (Cravens v. Booth, 8 Tex., 243.) But the answer of the defendants does not present such a case. The answer admits that the purchasers knew that the land was Mrs. Allen's separate property. The law charged them with the knowledge, and they were no doubt fully aware that the conveyances from Mrs. Allen were invalid, unless her acknowledgment of their execution was taken as prescribed by the statute. There is nothing in the answer from which we can infer that any false representation was made by Mrs. Allen. If the defendants, and those under whom they claimed, were deceived or mistaken as to their title, it was through their own negligence or folly. That she in fact understood the character of the instruments signed by her, and was not induced to sign them by the influence of her husband—that she was not under his control, but was, rather than her husband, "the business manager and trader in their marital partnership"—that for a long time she continued satisfied with her conveyances—or the distance from the proper officers, and the carelessness of parties, cannot surely be supposed sufficient to render instruments not executed as required by law effectual to pass the title of married women. Nor does the fact that the consideration for the land claimed was used for the support of the wife and her family strengthen the case. If, for such reasons as these,

the court could divest the title of a *feme covert*, its discretion, and the opinion of the jury as to the facts, would be virtually substi-- tuted in lieu of the provisions of the statute regulating such conveyances. Whether such a course might not prove equally efficacious to protect her rights, while at the same time other parties might be more effectually guarded against frauds, is not the ques- tion. To do so would be the assumption of legislative power.

If the defendants below could have established either a legal or equitable title to the land, their possession would have been suffi- cient to have charged the plaintiffs and intervenor with notice of such title; (Watkins v. Edwards, 23 Tex., 443;) but as the instru- ments under which they claimed vested no interest in them in the land, notice of such claim could not, of course, affect other parties. The exceptions in this particular were, therefore, properly sustained.

The court also properly held, that so much of the defendants' answer as set up the statute of limitations of three and ten years, presented no valid defence against the plaintiffs' action. Although the defendants had been long previously in possession, the statute of limitations could not commence to run in their favor until the sale from Mrs. Allen, under which the plaintiffs claimed. Her disability as a *feme covert* protected her title against the statute; it was not set in motion until she sold the land. It is not pretended that ten years had elapsed from that time to the com- mencement of the suit. And the conveyance from Mrs. Allen, under which the defendants claimed, as we have previously said, passed neither a legal or equitable title, and could certainly, there- fore, constitute neither a title or color of title which would protect the defendants under the 15th section of the statute.

The same reasons and authorities which sustain the ruling of the court upon the exceptions to the answer, also show that the defend- ants below were not entitled to a judgment for their purchase money against the purchasers from Mrs. Allen, as a condition precedent to their recovery. The amount paid by them to her or her husband, was not a charge upon the land. There was no pri- vity between them and the plaintiffs below by which the latter could be made liable. If the improvements made in good faith by the defendants, shall be taken from them by the plaintiffs, such

compensation will be made them as they are entitled to, if any, under the statute for the protection of settlers in good faith.

It does not appear that there was any improper delay by the plaintiffs in selecting the land to which they were entitled. If there was, however, it is not a matter of which the plaintiffs in error can complain. It cannot be perceived that the delay caused them any injury.

It cannot be questioned, that the court was authorized to submit special issues to the jury, if it was deemed necessary for the proper disposition of the case. And if the charge given by the court to the jury was not thought by the defendants below to be sufficiently full, or as covering all of the issues in the case, it was their duty to have asked such additional instructions as they believed were necessary for its proper determination. Having failed to do so, they cannot complain. And if they believed that other issues than those submitted by the court to the jury were necessary to sustain their defence, they should have called the attention of the court to them. If a special instead of a general verdict is found, it is only incumbent upon the plaintiff to see that the facts found are sufficient, under the issues framed by the pleadings, to authorize the judgment. If there are other facts in explanation or rebuttal of those found by the jury, upon which the opposite party relies, it is his duty to invoke the action of the court upon them. The defendants below admit by their answer that the purchase from Mrs. Allen, under which they claim, was made subsequent to the passage of the Act of February 3d, 1841, prescribing the mode in which married persons may dispose of their separate property. The plaintiffs below were not called upon to establish a fact which was admitted by the defendants, and they cannot now object to the judgment because the jury did not find whether they settled upon the land previously or subsequently to that time. The finding by the jury of the time when defendants settled upon the land, was only important in view of the pleadings and facts of the case with reference to the judgment that should be rendered in favor of these defendants, who claimed a part of the land, and their co-defendants, Allen and wife, and as against the plaintiffs below with reference to the statute of limitations of five years. In the latter

particular, the vagueness of the finding is immaterial; and as re-gards the former, it does not appear to have occasioned them any injury. They do not intimate that they have been charged with rents and profits for a longer period than they were on the land.

Although the facts present a case apparently of great hardship upon the plaintiffs in error, it has arisen from their neglect, against which the court has neither the power nor the right to relieve them. There is no error in the judgment, and it is therefore affirmed.

Judgment affirmed.