Samuel McDonna et als. v. Isaiah Wells et als.

(Case No. 851.)

1. Improvements by husband on wife's separate estate.— The husband cannot, by making improvements with his separate means on land, the separate property of his wife, acquire thereby any lien upon or interest in the wife's separate estate, which, by his deed, he can convey to another.

2. Husband and wife — Deed.— The deed of a married woman to her husband, not executed in conformity with the statute regulating the manner in which married women shall dispose of their separate estates, is a nullity. Berry v. Donley, 26 Tex., 747.

3. Minors.— Minor plaintiffs must be represented by their legally qualified guardian, or, if they have none, by a special guardian appointed by the court.

Appeal from Lamar. Tried below before the Hon. R. R. Gaines.

The opinion states the facts.

*Wright & McDonald,* for appellants.

*Hale & Scott,* for appellees.

Quinan, J.— Appellants brought suit against appellees for the recovery of a tract of land in the common form of trespass to try title. The appellees pleaded the general issue and title in themselves as follows:

1. By conveyance from E. G. S. Wells to Sarah J. Wells, and from Mary Wells, the deceased wife of E. G. S. Wells, to him; Mary Wells being the mother of the appellants, the former owner of the land, under whom appellants claim as heirs.

2. They claim in the event that the conveyance from Mary Wells to E. G. S. Wells be invalid, that E. G. S. Wells, as surviving husband of Mary, inherited one-third of the land for life, which passed by his deed to Sarah Wells.

3. They set up " that E. G. S. Wells, during the existence of the marriage between himself and Mary Wells, made valuable and permanent improvements on said land in good faith, to wit, a fine residence of the value of $2,500; that he has erected and placed on said premises a large amount of fencing, and has inclosed and put in cultivation about one hundred acres of said land, which is and was of the value of $1,000, all of which he pleads in reconvention, and that said land be sold to satisfy such judgment as they may recover therefor."

4. They allege that they have been illegally deprived of the possession of the land by appellants; pray restitution and judgment for $1,000 for rents, etc.

5. They "further state that E. G. S. Wells, one of the defendants herein, is now, and was at the date of the institution of this suit, the legal, qualified and acting administrator of the estate of Mary A. Wells, *alias* McDonna, deceased, etc., and that said administration has in no manner been terminated or closed."

It is unnecessary further to refer to the pleadings or to the evidence. The case was submitted to the court, who

decreed that the plaintiffs, Samuel, William and Jennie Mc-Donna, ought to recover judgment for two-thirds of the land in controversy in fee, and the remainder of the other third after the death of E. G. S. Wells in fee, and that the defendant Sarah J. Wells recover one-third interest in said lands for the life of E. G. S. Wells, and that she recover $2,000 for improvements on said land, and that said sum constitute a charge on the land in controversy. The court further decreed that Sarah J. Wells recover from the defendants $1,333, as two-thirds the value of the improvements placed upon said lands by E. G. S. Wells, defendants' guardian, and that plaintiffs have twelve months in which to pay said sum of $1,333, and if not paid at the expiration of that time the clerk of the court to issue an order of sale, etc.

Appellants gave notice of appeal, and the case is properly before us for revision.

The assignment of error is sufficiently pointed to raise the questions the determination of which is decisive of the case.

These questions are, as to the validity of the conveyance from Mary Wells to her husband, E. G. S. Wells, and whether Sarah Wells, by the conveyance to her from E. G. S. Wells, acquired a right in this action to recover for the value of improvements made by him upon his wife's land during the coverture.

Upon the first question we have no difficulty in saying that the conveyance from Mary S. Wells to E. G. S. Wells, not having been executed in conformity to the statute regulating the manner in which married women shall dispose of their separate estate, was a nullity and ineffectual for any purpose. Berry v. Donley, 26 Tex., 747.

The question whether Sarah Wells is entitled to recover the value of improvements made by E. G. S. Wells on his wife's land is, however, one of more importance. In the solution of it we can derive no aid from our statute giving to the possessor in good faith the right in certain ways to recover the value of improvements made by him.

By that statute the right of recovery is given to him who

in good faith believes the land upon which he puts the improvements to be his own, and who claims it as his own adversely to all persons whomsoever.

But where improvements are made by the husband upon the land of the wife, he knows that he is making them upon land not his own, and of which he has possession only by virtue of his marriage, and over which he holds a limited control and right of management.

The portions of our statute law which bear directly upon this question are briefly as follows: Article 4641 provides that all property, both real and personal, of the wife, owned or claimed by her before marriage, and that acquired afterwards by gift, devise or descent, as also the increase of all lands or slaves thus acquired, shall be the separate property of the wife; provided, that during the marriage the husband shall have the sole management of such property.

Article 4642 provides that all other property acquired during the marriage shall be common property.

Article 4643 provides that the husband and wife may be jointly sued for all debts contracted by the wife for necessaries furnished herself or children, and for all expenses which may have been incurred by the wife for the benefit of her separate property.

Article 4644 provides that if, upon the trial of any suit as provided for in the fourth section of this act, it shall appear to the satisfaction of the court and jury that the debts so contracted or expenses so incurred were reasonable and proper, the court shall decree that execution may be levied upon either the common property or the separate property of the wife, at the discretion of the plaintiff.

Article 4646 provides that the community property of the husband and wife shall be liable for all their debts contracted during the marriage, except in such cases as are specially excepted by law.

It is also settled by repeated decisions of our court that the proceeds of the wife's property, the rents, and crops raised upon her lands, are common property.

The object of these provisions of the law cannot be mis-

understood. It was the evident intent to protect the wife in the ownership of her separate estate, and while giving to the husband the management of it, and making its proceeds the common property of both, to shield the corpus of the estate from liability for the husband's acts or contracts. Magee v. White, 23 Tex., 192. There is nothing, however, in these provisions of the law from which can be derived any right or power vested in the husband to bind the estate, or create a charge upon it. If under his right of management we concede his power to make large expenditures upon it for improvements, and charge the estate for the payment of them, the very object of the law, to protect the corpus of the estate, might be defeated, and the wife might be "improved," so to speak, out of the property. If it be said that the wife may own property which is unproductive and expensive, and that it would be prudential care and management of it to so improve it as to render it rather a source of revenue than loss, that case, it would seem, is not unprovided for; for under the statute she has the right to contract and to incur expenses for the benefit of her property. But this must be her act with the consent of her husband, and not his, and in that case the expense would seem to be primarily a charge upon the common property, or, if a charge upon the separate estate, it would be such upon her estate generally, unless specifically by contract fixed upon specific property. In Rice v. Rice, 21 Tex., 58, where the lots improved were the separate property of the husband, but the improvements were found by the jury to be community property, Judge Hemphill says: "But the verdict, so far as it finds the improvements on the lots to be community property, is correct only in a modified sense. They are fixtures attached to the soil, and cannot, in the nature of things, be divisible in specie where one of the joint owners has no interest in the land upon which they have been erected. Hence results the rule that the community estate must be reimbursed for the costs of buildings erected by joint labor or funds upon the separate property of one of the spouses, and this in effect vests the improvement in that spouse, and entitles the other

to one-half of the costs." This is said in a suit for divorce, where the controversy was as to the division of the property, and where, in favor of the wife, his interest in the community property was charged with the cost of the improvements made by the husband upon his separate property.

In Lewis v. Johns, 24 Cal., 99, where it was sought to make the separate property of the wife liable for the value of the husband's labor, supervision and management of it, it is said: "The husband cannot, by any independent act of his, acquire an interest in the separate estate of the wife. . . . If he acquires any right whatever as against his wife by virtue of his supervision and labor, it is not a right in the nature of a lien on the thing supervised or upon which the labor is bestowed, but merely a right of compensation. . . . In the absence of an express agreement to that effect, there is no implied obligation on the part of the wife to compensate the husband for his services, and in either case there would be only an imperfect obligation which neither the husband nor his creditors could enforce."

Whether, in any case, there may be an equity outside the statute, in the settlement of the community estate, to compensate the husband for the expenditures made either with his own means or the common property, in the improvement of the property of the wife, or whether we are to regard such expenditures as a gift to the wife, it is not necessary for us to decide; but we think we cannot err in holding that, by making such improvements, he acquires no interest in the separate estate, or lien upon it, which, by his deed, he can convey to another. We conclude, therefore, that the judgment of the court was erroneous in charging the land of Mrs. Wells with the value of the improvements and decreeing a sale of it.

Nor, while we believe that this determination is strictly in accord with the word and spirit of our statutes regulating the marital rights of parties, can we perceive that there is in it anything harsh or inequitable. Mr. Wells knew that in making large expenditures upon the property of his wife, the law denied him the power to incumber it for his reim-

bursement.   He must be presumed, then, to have acted from a tender regard for his wife and the benefit of her estate, and with some consideration of the profits which would accrue to him by rendering that estate more productive. Should the coverture be long continued and prosperous, he would in time be amply repaid for his outlay; and as in that event he would be under no duty or obligation to account to his wife's estate for the profits he had made, so in the event of an unfortunately more brief duration of the marriage, there could be but small equity in holding the wife's estate accountable to him for the profits which did not ensue — for the expenditures which had not been realized from it.

In this record there are other errors which it may be proper to notice.   The minors plaintiff must be represented by their legally qualified guardian, or, if there is none, by a special guardian appointed by the court.

The defendant is, of course, entitled to partition of the estate of one-third for the life of E. G. S. Wells, and the decree should determine the amount due her for her one-third of the value of the use and occupation of the premises for the time when she may have been illegally deprived of the possession of the same.   The judgment will be reversed and the case remanded.

REVERSED AND REMANDED.

[Opinion delivered November 12, 1879.]