48  583<br>85  275

## C. T. HILL ET AL. v. HEIRS OF WILLIAM SPEAR.

IMPROVEMENTS IN GOOD FAITH.—That a defendant purchased land, knowing that his vendor held it under a deed from a married woman, defectively acknowledged, is not inconsistent with his good faith in such purchase; and in such case it was error to exclude evidence of value of improvements from the jury.

APPEAL from De Witt. Tried below before the Hon. D. D. Claiborne.

March 29, 1873, the heirs of William Spear brought an action of trespass to try title, in the usual form, against C. T. Hill, Samuel Andrews, and others, for a tract of 1574 acres of land in De Witt county. By amendment, December 9, 1874, Ellen Hill, wife of C. T. Hill and daughter of Samuel Andrews, was made defendant.

In January, 1861, Elizabeth Williams and her husband, Joseph, and Mary Stubbins and her husband, Mordecai, made deeds to one James Mahood for the tract of land described. The acknowledgment to each deed was defective, not being as required by law to pass the separate estate of the wife.

At the date of these deeds, Elizabeth Williams and Mary Stubbins were heirs of the said William Spear, and had an interest in the lands sought to be conveyed.

August 5, 1861, Mahood conveyed part of the land to Samuel Andrews, who, by deed of gift made December 31, 1868, conveyed it to his daughter, Ellen Hill. The parties resided on the land from the purchase from Mahood, and erected valuable and permanent improvements.

The defendants pleaded not guilty, alienage of William Spear, and suggested improvements in good faith.

On the trial, defendants offered to prove the execution of the deeds from Williams and wife and Stubbins and wife to Mahood, the original deeds having been lost. The testimony as to their existence and contents showed, also, that the certificate of the privy acknowledgment to each was insufficient. The testimony was therefore excluded.

Testimony was offered, showing transactions between Mahood and the other parties to said excluded deeds, relating to the land in controversy, showing equities in Mahood as against them.

The deeds from Mahood to Andrews and from Andrews to Mrs. Ellen Hill were admitted, not as proving title, but only to show the connection of defendants with Mahood.

Defendant Andrews was sworn as a witness for the defense, and was asked as to the value of the permanent improvements placed by him upon the land while owned by him. To the testimony, plaintiffs objected, because "defendant was not a possessor in good faith"; which was sustained by the court, and all testimony as to value of improvements excluded.

The other litigation in this case, affecting the right of plaintiffs to hold the land, is identical with the preceding case of Andrews v. Heirs of John Spear.

*Philips, Lackey & Stayton,* for appellants.

*Glass & Callender,* for appellees.

GOULD, ASSOCIATE JUSTICE.—Whilst this case differs somewhat in its facts from that of Samuel Andrews v. Heirs of

John Spear, in connection with which it has been briefed, the questions discussed are the same, and, with one exception, may be disposed of by a reference to the opinion in that case.

In this case, however, there was a suggestion, on the part of defendants, of improvements in good faith, and it appears by bill of exceptions that the court excluded all evidence as to the value of improvements by Andrews, one of defendants, on the ground that he was not a possessor in good faith. We see nothing in the record justifying the court in withdrawing from the jury the issue as to the good faith of Andrews and the other defendants. Even if he was aware that Mahood claimed under deeds defectively acknowledged, this is not inconsistent with his good faith in purchasing from him. (Berry v. Donley, 26 Tex., 737.) The action of the court in excluding evidence as to improvements was erroneous; and as the point was properly reserved, and is covered by the assignment of error, it is fatal to the judgment. Accordingly, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.