## K. M. VAN ZANDT ET AL. V. M. M. BRANTLEY.

Delivered May 8, 1897.

**1. Improvements in Good Faith—Possession Under Void Sale.**

One who enters into the possession of land, and in good faith makes permanent and valuable improvements thereon, in reliance upon a conveyance of the land by an agent of the grantor who exceeded his powers, may recover the value thereof, where the sale is set aside.

**2. Same—Same—Amount of Rents Offset.**

Plaintiff in an action to recover land from one to whom plaintiff's agent had conveyed the same without authority, is entitled to offset against improvements made in good faith by defendant the rent of the premises only from the commencement of the action, where it is treated by both parties as an action to rescind the contract, and the land had no rental value without the improvements.

**3. Practice on Appeal—Failure to Request Charge.**

A judgment will not be reversed for an omission to charge on a point upon which no charge was requested.

**4. Rescission of Sale of Land—Improvements—Materiality of Value of Land.**

In an action to rescind a contract for the sale of land, where defendant admits plaintiff's right and the only litigated question is whether the improvements had been made by defendant in good faith, the value of the land is immaterial.

**5. Same—Same—Form of Judgment.**

In an action to recover land on which defendant has made improvements in good faith, though defendant concedes plaintiff's title, the judgment properly directs a sale of the land to satisfy the amount allowed for the value of the improvements, if such amount is not paid within six months.

Appeal from Fannin. Tried below before Hon. E. D. McClellan.

*H. G. Evans* and *Hyde Jennings,* for appellants.—Under the first assignment appellants cite: Roberts v. Osborne, 13 Texas, 307; Machinery and Improvement Co. v. Petershead, 84 Texas, 627; Armstrong v. Oppenheimer, 84 Texas, 365.

*James H. Lyday,* for appellee.

LIGHTFOOT, Chief Justice.—This suit was originally brought by appellants to recover of appellee 61 7-25 acres of land in Fannin County, with rents. Appellee Brantley in his answer concedes plaintiffs' title, and sets up that he bought the land in good faith from F. J. Abernathy, who claimed to be the agent of appellants, who had been acting as such for a great number of years, and was so held out by plaintiffs to the public, and who had sold a number of tracts of land for them out of the same survey. He set up in his pleading the following instrument of writing entered into between himself and Abernathy, who acted as appellants' agent:

"*The State of Texas, Fannin County.*—Know all men by these presents, that I, F. J. Abernathy, as agent of K. M. Van Zandt, of Fort Worth, Texas, have sold to M. M. Brantley 61 27-100 acres out of the E. W. Eubanks survey, for one thousand dollars, to be paid in four annual payments on December 1, 1894, 5, 6, and 7, with 10 per cent interest from date, payable annually. Said Brantley agrees and binds himself to build a house of three rooms, and to fence and put in cultivation as much as 25 acres of said land by May 1, 1894. In the event of his failure to make all of said improvements on said land by said date, he agrees to give up said land and move therefrom.

"Witness our hands at Bonham, Texas, this fourth day of December, 1893.

"M. M. BRANTLEY.
"F. J. ABERNATHY."

Under this agreement appellee entered upon the land and made permanent and valuable improvements, whereby the land was increased in value $1000. The improvements were made in good faith, believing the agent had authority to make the contract. In further compliance with the terms of the contract, he offered and tendered to plaintiffs at the time provided in the contract more than the amount agreed to be paid, and plaintiffs then for the first time refused to carry out the contract, and denied the agent's authority to make it.

Appellee consents to a rescission of the contract, offers to restore the premises, and prays that he have judgment for the amount that his improvements have enhanced the value of the land.

Appellants insist that the agent had no power to sell, except to find a purchaser and report to them, and that the contracts were to be made by them; and they further claim that the improvements were made without their authority, and have been counterbalanced by rents.

The case was tried, and there was a verdict in favor of plaintiffs for the land and $75 rents, and in favor of defendant Brantley for $742.60, which his improvements enhanced the value of the land.

The facts establish the conclusions that the above contract was executed by F. J. Abernathy, as agent for plaintiffs, and that at the time he was, and had been for a number of years, a real estate agent in Bonham, Texas, and had sold a number of tracts of land for them (appellants) out of the same survey, and had collected the money and forwarded it to them, and had publicly held himself out as appellants' agent, and held himself out to appellee as their agent, with power to make a contract for them; that appellee was a farmer, and honestly believed that Abernathy was appellants' agent, with full power to sell and make contracts of sale, and under this belief entered with him into the contract set out in the statement above; that after the contract was made appellee in good faith entered upon the land, with Abernathy's consent, and in good faith made permanent and valuable improvements thereon whereby the land was enhanced in value to the amount of $742.60, believing that his title would be good under his contract of purchase; that at the time he entered upon it, the land was unimproved timber land, and he put the same in a good state of cultivation, and did not know of any want of power in the agent until about December 1, 1894, when he went to make his payment—at which time he offered to pay $500 of the purchase price instead of $250— when he learned that appellants refused to be bound by the contract, on the ground that the agent had no power to make it.

F. J. Abernathy was, in fact, the agent of appellants at the time the contract was made; but he had no authority to sell the land for less than $20 per acre, or to execute the written contract of sale. In making the sale to appellee at a less sum, he violated his instructions and exceeded his power, but he believed he was acting for the best interests of his principals, because he regarded the land as less valuable than other parts of the survey. No rental value was shown for the land outside of the improvements placed thereon by appellee. As improved, it was worth in rents from April 3, 1896, to the time of the trial the amount found by the verdict of the jury. On the trial it was admitted by appellee in open court that the title to the land was in appellants, and conceded their right to recover it; and the case was tried upon the right of appellee to pay for the amount the land was enhanced in value by reason of his improvements placed upon it in good faith.

1. Under their first assignment of error appellants complain of the following charge of the court: "On the question of the defendant's im-

provements, you are instructed that if you believe from the evidence that F. J. Abernathy was the agent of plaintiffs, and that as such agent he was authorized by them to sell or make contracts of sale of their lands in Fannin County, and while acting as such agent he entered into a written contract, which has been adduced as evidence before you, and a further verbal contract substantially set forth in defendant's amended answer in regard to the execution of the deed and execution of the notes for the money, etc., and if you further so believe that the defendant in good faith and under the belief that said Abernathy had full authority to make said contract as it was made, went into possession of said land, and in compliance therewith made valuable and permanent improvements thereon which you find increased the value of the land, and that defendant was willing and offered to comply with the contract to make payment and execute his notes, and if defendant had no notice of the fact, if it was a fact, that said Abernathy had exceeded his authority to bind plaintiffs by the contract until such contract was submitted to and received by the plaintiffs, then in addition to your verdict for plaintiffs, you will return a verdict for the defendant for the value of the improvements so made by him, not, however, to exceed the amount which you find such improvements to have increased the value of the land."

In appellants' proposition under the first assignment it is claimed that, before the defendant can recover for improvements, he must show that he placed the same upon the land in good faith, and that the party who made the contract for the purchase of said land was the duly authorized agent of appellants, and that he had authority from them to make said contract. The failure on his part to look to the authority of said agent to make such a contract is such negligence as will prevent him from recovering for said improvements.

The theory claimed by appellants under this assignment is too harsh, and is not the rule of equity as recognized and followed in this State. If appellee could show that the agent was not only such, but that he had full power and authority to make the exact contract set up by appellee, it would not be necessary for him to invoke the equity power of the court to get pay for the enhanced value of the land by reason of his improvements; but he could then enforce specific performance of the contract itself.

The testimony clearly shows that Abernathy was appellants' agent, but it is equally clear that he exceeded his powers as such in selling the land for less than $20 per acre. It is not claimed that appellee knew anything of the principals' secret instructions to their agent, and it can not be doubted that he acted in perfect good faith in making the improvements under the honest belief that his contract was valid.

The rule in such cases invoked by appellants and quoted in their brief, as laid down by Judge Wheeler in the case of Robson v. Osborn, 13 Texas, 307, is not now the rule in this State. There the court said: "He can not be a possessor in good faith who acquires the possession from one who had no power to give it, if he either knew, or by the use of proper

diligence might have known, the want of power in his vendor. He who assumes the authority to sell the land of another must produce his power of attorney, and he who buys from the agent must look to his authority; because he is not the apparent owner, and his right to sell depends on the existence and validity of the power under which he assumes to act. This the purchaser must look to at his peril; and he can not protect his purchase as an act of good faith towards the real owner, known to be such, on the ground that he believed the pretended agent had authority, when, by an examination of the act or acts relied on as conferring the authority, he might have known that he had not. It can not be good faith towards the real owner to take and assert adverse possession of his property under one whom he either knew or by the use of reasonable diligence might have known had no authority to dispose of it."

This theory as applied to the question of title is sound, but it is not applicable to the question of improvements in good faith. In the Robson case the court was discussing a purchase and possession held under a tax deed, and was emphasizing the necessity of showing that all the requisites of the statute had been complied with. What was said above in regard to sale under power of attorney was obiter dictum, and had no application to the case. In the subsequent case of Dorn v. Dunham, 24 Texas, 380, the same learned judge, in discussing the case of Robson v. Osborn, said: "I have since had reason to doubt the correctness of its application to that case, and I think it proper to express this doubt, in order that the case of Robson v. Osborn may not be thought to conclude that question in any case which may hereafter arise." In the same case (Dorn v. Dunham) the court lays down a broad and liberal rule whereby a possessor in good faith, who makes permanent and valuable improvements, will be protected, though it may turn out that his title is wholly worthless. If the power to sell was perfect there would be no occasion to invoke the protection of a court of equity as an improver in good faith.

The case of Robson v. Osborn has not only been questioned, but referred to and practically overruled in the cases of House v. Stone, 64 Texas, 684; McDaniel v. Needham, 61 Texas, 274; French v. Grenet, 57 Texas, 279.

The rule in this State as laid down by our Supreme Court is this: If under all the facts and circumstances the possessor had good ground to believe, and did believe, that the title under which he entered was good, and acting on such belief he, in good faith, made permanent and valuable improvements which enhanced the value of the realty, he is entitled to protection, even though the power under which the sale was made was wanting and his title is worthless. Cole v. Bammel, 62 Texas, 109; French v. Grenet, supra; Brockenborough v. Melton, 55 Texas, 494; Hill v. Spear, 48 Texas, 583; Patrick v. Roach, 21 Texas, 256; Berry v. Donley, 26 Texas, 748; Sanders v. Wilson, 19 Texas, 201, 202.

In the case of Cole v. Bammel, above, Judge Willie fully and thoroughly discussed the doctrine of improvements in good faith. There a husband and wife had executed a deed for a tract of land, expressing

as a consideration $1500, and leaving the name of the grantee blank. This deed they intrusted to an agent who was authorized to find a purchaser at that price, and fill in the blank. The agent found a purchaser at $1000, and contrary to his instructions delivered the deed at that price. The court held that the agent had no power to sell upon those terms, and that the purchaser had notice of that fact on the face of the deed, and that the grantors could recover the land; but they were required to pay for the improvements. The court said: "The result of our decisions in like cases is that the mere fact that a party buys from one who he knows has no power to sell is not sufficient to make him a possessor in bad faith. There may be attending or subsequent circumstances which will relieve the possession of such a character and entitle the vendee to pay for his improvements. Sartan v. Hamilton, 12 Texas, 219; Dorn v. Dunham, 24 Texas, 366; French v. Grenet, 57 Texas, 273. * * * We think, under these particular facts, taken in connection with the circumstance that the only defect in Bammel's title was such as Mrs. Cole could waive by her conduct, that a sufficient case of good faith is made out to entitle Bammel to pay for his improvements. Indeed, this court has held in two cases that one who buys, knowing that his vendor has a deed from a married woman defectively acknowledged, may be a possessor in good faith. Hill v. Spear, 48 Texas, 583; Berry v. Donley, 26 Texas, 737." 62 Texas, 117.

We regard the case before us as much stronger than the Cole case, for the reason that Abernathy was a regular real estate agent, was the agent of appellants, had acted for them for many years in the sale of other parts of the survey, had held himself out to the public as their agent, had made sales and collected and forwarded the money therefor, and represented to appellee that he had authority to make the sale. The latter honestly believed it, entered into the written contract, and in good faith made the improvements, and offered to pay the money agreed on and carry out the contract to the letter.

In the case of Sanders v. Wilson, 19 Texas, 200, it appeared that Mc-Guire, as agent for Dolignes, bound himself to make title to one-half the land as soon as he got title from the government. The transferee, Sanders, went into possession under this agreement and made valuable improvements. No power was shown from Dolignes to make the contract. The court allowed the improvements. Judge Hemphill said: "It is a familiar principle of equity, independent of the statute, that if the true owner stands by and suffers improvements to be made on his land, without notice of his title, he must pay for the improvements, on the maxim that he ought to have spoken when he was silent ('quia tacuit cum clamare debuit'), and on the rule of natural justice that no one should be enriched by the loss or injury of another. Story's Eq. Jur., sec. 1237. I allude to this principle to show that, in cases of this character, the owner may conclude himself by his own acts, and relieve the defendant from the necessity of proving, with such strictness and fullness as would

be otherwise required, that he entered under what he believed to be a valid title to the land." 19 Texas, 202.

In this case, appellee in good faith believed that the power existed in the agent to make the sale. Abernathy was in fact the agent of the appellants, but his powers were limited. Appellee went upon the property and labored for one year, placing permanent and valuable improvements on it. The agent knew he was there making the improvements on the faith of his contract, and both principals and agent remained silent, allowing appellee's money and labor to enhance the value of the property, and, for the first time, when he came up to make his payments the agent notified him that appellants would not carry out the contract. If appellants had no actual knowledge of the facts, this should not prevent them from recovering their land, but they are entitled to no more. The improvements thus expended in good faith, they should not recover.

In the cases of Hill v. Spear and Berry v. Donley, above, it was held that when parties went into possession and made permanent improvements they should be protected, even though they knew that they went into possession under deeds of married women defectively acknowledged. While they would lose the land, they would be still entitled to protection to the extent of the improvements.

In the cases of Patrick v. Roach, Brockenborough v. Melton, and French v. Grenet, cited above, it was held that even though the purchasers went into possession under void judicial sales, they were protected.

While such a purchaser would be held to notice of the proceedings in the case in which the sale was made, and if void, he would lose the land, yet if he acted in perfect good faith, and by his improvements added to the permanent value of the realty, it was held to be inequitable to take from him the value of such permanent improvements. We hold that the first assignment of error it not well taken.

The points raised by appellants under their second and third assignments are fully discussed under the first.

2. Under their fourth assignment of error appellants complain of that part of the charge of the court below which reads as follows: "From any amount you find for the defendant for any improvements (if any), you will deduct the value of the rents of the land from the 3d of April, 1896, to this date."

Appellants requested additional charges of the court upon other points, but asked none on the question of rents. We find no error of which appellants can complain in the charge as given. They claim, now, that it did not reach far enough.

No rental value was shown for the land outside of the improvements placed on it by appellee, as it was timbered land when he went on it under a contract of purchase, and he improved it under the belief that his title was good. If this was an action coming strictly under the statute for the adjustment of equities for improvements made in good faith,

no rents whatever could have been allowed appellants by the court on the improvements placed there by the appellee, as such allowance would be confined to "the value of the use and occupation of the premises during the time the defendant was in possession thereof (exclusive of the improvements thereon made by himself; or those under whom he claims)." Rev. Stats., art. 5278, subdiv. 2. But the court below, under the pleadings and issues of fact as presented, the plaintiff asking the recovery of the land and repudiating the act of the agent, and the defendant consenting to a rescission of the written contract, but asking for an adjustment of the equities growing out of improvements made in good faith, evidently treated the case as an action to rescind the contract, and allowed plaintiff to recover rents from the date of the suit for rescission. Patrick v. Roach, 21 Texas, 256. While we do not regard the case as a rescission of the contract of sale, for the reason that there was no valid contract, for want of power in the agent to make it, yet the rules of equity applied by the court were as fair to appellants as they had a right to expect.

In the case of Thouvenin v. Lea, 26 Texas, 612, the value of improvements was claimed where the party went into possession under a parol contract of sale, with which the vendor refused to comply. It was held by Judge Moore that as the land had no rental value outside of the improvements put there by the possessor, the vendor could not offset any part of the enhanced value of the land by reason of the improvements, by rents.

3. The fifth assignment of error is, that the court failed to charge the jury to find the value of the premises. Appellants failed to ask any such charge. It has been repeatedly held that a judgment will not be reversed merely for an omission to charge on a given point where no charge is requested upon it.

But aside from this, we see no good purpose that such a charge or the verdict of the jury thereon could subserve in this case. Appellee had in open court conceded the right of appellants to the land, and the whole fight was made upon the question of improvements made in good faith. Under such issues, the case did not come strictly within the statute, but rested mainly upon the principles of equity governing it. Patrick v. Roach, 21 Texas, 580; Sanders v. Wilson, 19 Texas, 194; Long v. Cude, 75 Texas, 227; Harrel v. Houston, 66 Texas, 280; Thouvenin v. Lea, 26 Texas, 612; Story's Eq. Jur., 1237. A statutory judgment under the chapter regulating actions of trespass to try title could not have been rendered, for the reason that appellants' right to the land was conceded by appellee, and its value was of no consequence.

The question raised under the sixth assignment has been considered above.

4. Under the eighth assignment of error appellants object to the form of the judgment, which, after deducting the amount of rents allowed plaintiffs from the amount of the enhanced value of the premises found in favor of defendant, directs that if the remainder is not paid by plain-

tiffs in six months the land should be sold to satisfy it. The judgment is in accordance with the decree rendered by the Supreme Court in Pierson v. Cox, 71 Texas, 251. See also Bailey v. White, 13 Texas, 120. This action, as tried, did not come within the statute, for the reason that appellee's pleading having conceded the land to appellants, the whole case was tried upon appellee's cross-bill for improvements, and a statutory judgment in such cases would not have been practicable.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.