MEMPHIS COTTON OIL CO. et al. v. GIST. (No. 842.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 6, 1915.)

1. PLEADING ⬤⟹245—AMENDMENTS—TIME TO AMEND.

Where, in foreclosure proceedings, a misdescription of the note sued on, as to date and amount is corrected by trial amendment, an assignment of error will not lie thereto where defendants were not misled or surprised; the record showing that they were only expected to defend against one note and mortgage.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 635, 653–675; Dec. Dig. ⬤⟹245.]

2. CONTINUANCE ⬤⟹30—GROUNDS—SURPRISE —AMENDMENT OF PETITION.

Where defendants in a foreclosure suit were not surprised or misled by a trial amendment to the petition, correcting a misdescription of the note as to date and amount, it was not error to refuse to permit them to withdraw their announcement of ready for trial and to grant a continuance.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 99–112; Dec. Dig. ⬤⟹30.]

3. BANKS AND BANKING ⬤⟹262 — POWER OF CASHIER—TRANSFER OF SECURITIES.

The cashier of a national bank has power to transfer notes and bills receivable, payable to the bank, without special authority from the directors.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1001–1006; Dec. Dig. ⬤⟹262.]

4. REFORMATION OF INSTRUMENTS ⬤⟹19—MISTAKE—EVIDENCE.

In foreclosure proceedings, it was not error to refuse to correct a deed of trust running to defendants as to a misdescription, where it does not appear that a mutual mistake as to such description had been made.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 74–78; Dec. Dig. ⬤⟹19.]

5. MORTGAGES ⬤⟹274 — RIGHTS OF SUBSEQUENT PURCHASER—IMPROVEMENTS.

Purchasers of land under a deed of trust, who placed improvements in good faith upon the property with a belief in the sufficiency of the title, which they deraigned through the mortgagor, cannot recover, as against a prior mortgagee, the value of such improvements.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 718–724, 728; Dec. Dig. ⬤⟹274.]

Appeal from District Court, Hall County; J. A. Nabors, Judge.

Action by John M. Gist against the Memphis Cotton Oil Company and others, upon a note and mortgage. Judgment for plaintiff, and defendants appeal. Affirmed.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Arnold & Taylor, of Henrietta, and Presler & Thorne, of Memphis, for appellants. Jos. H. Aynesworth, of Childress, and Moss & Leak and H. D. Spencer, all of Memphis, for appellee.

HENDRICKS, J. In 1906 John M. Gist, the owner of property in the town of Eli, Hall county, Tex., conveyed five acres of land to Fred L. and A. M. Willingham, in consideration that the latter would build, equip, and operate a gin at that place. This property was a part of section 55, block No. 18, H. & G. N. Ry. Co. survey, and the location began at a point 106 varas south of the northwest corner of said section No. 55; thence east 106 varas for corner; thence south 228 varas for corner; thence west 106 varas for the southwest corner of the tract; thence north with section line 228 varas to the place of beginning. That same year Willingham Bros. executed a deed of trust to the Continental Gin Company of Dallas, Tex., to secure certain indebtedness for gin machinery. The land described in this deed of trust began at a point 196 varas south of the northwest corner of section No. 55, block 18, H. & G. N. Ry. Co.; thence east 106 varas for corner; thence south 228 varas for corner; thence west 106 varas for the southwest corner of the tract; thence north with section line 228 varas to the place of beginning. In 1908 John M. Gist, the appellee herein, for the purpose of assisting Willingham Bros. the proprietors of the gin, in continuing the operation of the ginning business, became their surety on a note made to the Hall County National Bank for about $3,000, and thereafter, on account of the failure of Willingham Bros. to pay said note, Gist paid the amount due upon the note to the bank, and received a transfer of said note and the mortgage securing the same. This deed of trust to the bank embraced the correct field notes identifying the land, beginning at a point 106 varas south of the northwest corner of section 55, while the deed of trust to the Gin Company, prior in time to the bank's, called, as stated, for the beginning point at 196 varas of the northwest corner of said section, 90 varas south from the point of the other beginning call. On account of the failure of the Willingham Bros. to pay the Continental Gin Company, the Memphis Cotton Oil Company, likewise interested in the gin's operations, for the purpose of assisting the Willinghams, paid the Gin Company the amount of the debt, receiving the transfer of the debt and mortgage to it. Willingham Bros. failed to pay the Memphis Cotton Oil Company the amount of the last mortgage mentioned, and a substitute trustee, appointed by said Oil Company, purported to sell the property embraced therein, and the Oil Company became the purchaser at said sale; and thereafter W. A. Bennett and one Shepperd became the ostensible owners of the property embraced in said instrument. This suit was instituted by Gist upon his mortgage and note executed in 1908, against the Oil Company, Willingham Bros., Shepperd, and Bennett. The defendants, Oil Company, Shepperd, and Bennett, pleaded a mutual mistake as to the beginning call of 196 varas south of the northwest corner of section 55, asking for a reformation of the instrument, and Shepperd and Bennett especially claimed valuable improvements upon the property in good faith; and the court found, at the request of said defendants, the value of the improvements on that part of the land found subject to plaintiff's lien, and placed there by said defendants, to be $1,200. The trial court without the assistance of a jury, rendered judgment in favor of Gist for the amount of the debt and a foreclosure against all of the appellants for his mortgage lien, securing said debt, and rejected the plea of improvements in good faith.

[1] Appellants' first assignment of error is overruled. The misdescription of the note as to the date and as to amount, was met by trial amendment. The record shows that the appellants were only expected to defend against one note and mortgage, and could not have been misled or surprised.

"If the misdescription will tend to mislead and surprise the adverse party, it should be noticed by the court; if not, it may be disregarded." National Bank v. Stephenson, 82 Tex. 436, 18 S. W. 583, and cases cited.

[2] For the same reason, we think the trial court properly refused to permit the defendants to withdraw their announcement of ready for trial and continue the case, raised under their second assignment.

[3] The appellants' third assignment challenges the action of the court in permitting the plaintiff to establish by parol testimony the note transferred by the Hall County National Bank, "for the reason that the cashier of the National Bank had no power or authority to sell or transfer notes and bills receivable, payable to said bank, and by such actions transcended his power," and for the further reason that within the scope of his authority the cashier could not transfer the paper of the bank without a resolution of the board of directors, which is not shown to have been made. The Supreme Court of the United States said, in the case of Merchants' National Bank v. State National Bank, 10 Wall. 650, 19 L. Ed. 1008:

"The cashier is the executive officer, through whom the whole financial operations of the bank are conducted. He receives and pays out its moneys, collects and pays its debts, and receives and transfers its commercial securities."

See, also, Rosenberg v. First National Bank, 27 S. W. 897; Arnold v. Swenson, 44 S. W. 870; Morse on Banks and Banking, § 158, under Indorsement.

[4] The fourth assignment of error complains that the court should have corrected the Continental Gin Company's deed of trust, to make the beginning call read 106 varas in

lieu of 196. The statement made under this assignment, for the purpose of sustaining its tenability, is bare of any fact, or equity pointing to a mutual mistake; nor does it afford, by inference or otherwise, any explanation of the error, the circumstances of the execution of the instrument, or whether the mistake was mutual or unilateral. It may be surmised, on account of the circumstances of the ownership of the five acres, the furnishing of the gin machinery by the Continental Gin Company, and its location upon the property, that a mistake was made, but whether intentional or mutual, or unilateral, is not shown. San Antonio National Bank v. McLane, 96 Tex. 48–55, 70 S. W. 201, and cases cited. We understood appellants' counsel in the oral argument to admit the insufficiency of this record for the purpose of correcting the alleged mistake. The trial court, in foreclosing plaintiff's mortgage, only foreclosed the same to the extent of 90 varas, instead of 106 varas, from the northwest corner of section 55, for the reason, we presume, that, the Continental Gin Company's mortgage being prior in time and calling for the land 196 varas from said corner, the later covered 16 varas of the land embraced in appellee's mortgage.

[5] The fifth assignment of error is seriously insisted upon, complaining of the court's action in refusing the value of the improvements found by the court, made in good faith, on that part of the land adjudged to appellee, Gist. The statute, providing for compensation for improvements made in good faith under claim of title, of course cannot be invoked upon the question. The right to recover the value of improvements placed upon another's land in good faith may exist, however, under principles of equity independent of any statute. Scott v. Mather, 14 Tex. 235; Eberling v. Deutscher Verein, 72 Tex. 339, 12 S. W. 205; Van Zandt v. Brantley, 16 Tex. Civ. App. 420, 42 S. W. 617; Patrick v. Roach, 21 Tex. 251; Wood v. Cahill, 21 Tex. Civ. App. 40, 50 S. W. 1071.

This cause stands upon the record with the appellee as a prior mortgagee; the insufficiency of the record in regard to mistake and the lack of equity for reformation against Gist resolves the status in that manner. We can find no authority whatever, and we are cited to none, that purchasers placing improvements in good faith upon property, with a belief in the sufficiency of the title, and deraigning the same through the mortgagor, can prevail against a mortgagee in equity for the value of such improvements. Jones on Mortgages, vol. 1, § 147 (6th Ed.) says:

"A lien of a mortgage extends to all improvements and repairs subsequently made upon the mortgaged premises, whether made by the mortgagor or by a purchaser from him, without equal notice of the existence of the mortgage."

The Supreme Court of North Carolina said, in the case of Wharton v. Moore, 84 N. C. 479, 37 Am. Rep. 627:

"The land in the unimproved state when Carter received his mortgage was worth only $250; and improvements were put on it by Moore and Adams after the conveyance to them, which enhanced its value at least $1,000. * * *" And the latter insists "that by reason of their improvements they have a right to so much of the proceeds as the lot has been enhanced thereby. This right to betterments is a doctrine that has gradually grown up in the practice of the courts of equity. * * * But it may now be considered as an established principle of equity that whenever a plaintiff seeks the aid of a court of equity to enforce his title against an innocent person, who has made improvements on land, without notice of a superior title, believing himself to be the absolute owner, aid will be given to him, only upon the terms that he shall make due compensation to such innocent person to the extent of the enhanced value of the premises, by reason of the meliorations or improvements, upon the principle that he who seeks equity must do equity. * * * But we have been unable to find any case in which the doctrine has been held to apply to mortgages."

The North Carolina Supreme Court said that the statute of that state, providing a remedy for the recovery of betterments for innocent defendants, in expressly declaring that its provisions shall not apply to a suit brought by a mortgagee against a mortgagor, that the Legislature was simply re-enacting the generally admitted principle that the right to betterments is not conceded to mortgagors or parties claiming under them, and that court further quotes Washburn on Real Property, vol. 2:

"If the mortgagor, or any one standing in his place, enhances the value of the premises by improvements, they become additional security for the debt, and he can only claim the surplus, if any, upon such sale being made after satisfying the debt."

To the same effect are Childs v. Dolan, 5 Allen (Mass.) 319, and Martin v. Beatty, 54 Ill. 100; Rice v. Dewey, 54 Barb. (N. Y.) 455, which later case holds—

"improvements that constitute a part of the realty, irrespective of the question by whom made, are * * * subject to the lien of the mortgage."

We are unable to work out the proffered equity in this case upon any satisfactory basis, and there is no assignment, or position assumed in this court, asking that the excess, if any, resultant from the proceeds of the sale, be granted to appellants. We feel impelled to affirm the judgment of the lower court; and it is so ordered.